**John Livak, by Leo N. Rivkin, Guardian, Appellee, v. Chicago & Erie Railroad Company et al., Appellants.**

**Gen. No. 25,603.**

1. RAILROADS, § 519*—*when railroad is not bound to fence track.* In an action for personal injuries because of the negligence of a railroad in failing to comply with an ordinance requiring the railroad to construct and maintain fences, notice by the city, during the life of the ordinance, when and where the fences were to be constructed, was a condition precedent to liability of the railroad.

2. RAILROADS, § 545*—*when negligence of railroad is not proximate cause of injury.* The absence of a fence along the tracks of a railroad can be the proximate cause of an injury only along the tracks of the road on which the injury occurred, and not the absence of a fence along parallel tracks belonging to other roads.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed. Opinion filed December 31, 1920.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, for appellant Chicago & Erie R. Co.; MITCHELL D. FOLLANSBEE and CLYDE E. SHOREY, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

C. G. AUSTIN, JR., J. RAYMOND BARSE and SAMUEL KASSEL, for appellant Chicago & Western Indiana R. Co.

GLENNON, CARY & WALKER, for appellant New York, Chicago & St. Louis R. Co.; SIDNEY C. MURRAY, of counsel.

FINN & MILLER and ELMER M. LEESMAN, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The plaintiff below, a child who was about 5 years of age at the time he received the injuries for which he sued, filed a declaration against the defendant railroad companies, who are appellants here, in which he charged that his injuries were caused by the negligence of the defendants in failing to comply with the provisions of certain ordinances of the City of Chicago which required defendants to construct, keep and maintain fences along their rights of way. This was the sole ground upon which plaintiff alleged defendants were liable. The defendants filed pleas of the general issue, and the case was submitted to a jury which found for the plaintiff in the sum of $18,000, and on this verdict judgment was entered.

The same ordinances of the city were before us in another case very similar to this one, *Curran v. Chicago & W. I. R. Co.*, 213 Ill. App. 7, and the case was reviewed by the Supreme Court in 289 Ill. 111. The judgment was, by the Supreme Court, reversed in part and in part reversed and remanded.

The plaintiff's evidence in the instant case tended to show that he received his injuries on the 15th day of May, 1914, under the following circumstances: He was then 5 years of age and lived with his parents at No. 10715 Bensley avenue, in the City of Chicago,

about two blocks east of the rights of way of the railroad companies, defendants. Bensley avenue was at that time a public highway extending north and south in the vicinity of 107th and 108th streets, which said streets run in an easterly and westerly direction. The rights of way of the Chicago & Western Indiana Railroad Company and the New York, Chicago & St. Louis Railroad Company practically parallel each other at that point, running in a general northwesterly and southeasterly direction and they lie adjacent to each other. One Hundred and Eighth street at one time crossed these tracks, but prior to the accident the street had been vacated, and there was no crossing there at the time. Between these tracks and Bensley avenue the country was open prairie. At that point the Chicago & Western Indiana had four tracks, the New York, Chicago & St. Louis immediately west of it, two tracks, and the Chicago & Erie operated its cars over the tracks of the Western Indiana under agreements with that road giving it the right so to do.

The testimony for plaintiff also tended to show that plaintiff, with another little boy, started out from home to pick flowers; that they crossed these tracks of the Western Indiana and of the New York, Chicago & St. Louis at about 108th street, picked the flowers, and on their way back had crossed all the tracks except the rail farthest east on the Western Indiana when the plaintiff tripped and his foot caught in a hole between the ties. While he was trying to pull his foot out the engine of a passenger train of that road ran over his limb inflicting injuries which made it necessary to amputate it.

It was claimed by the defendants that plaintiff made a contradictory statement to the effect that the injury was received while on the way to pick the flowers and that a box car, not the engine as he testified at the trial, ran over him, and that he had tripped on a brick. Contradictory questions of evidence have been settled

Livak v. Chicago & Erie Railroad Co., 220 Ill. App. 394.

by the verdict of the jury, but the questions of law raised and argued in the briefs of the parties are substantially similar to those presented in the *Curran* case, *supra,* to which we have referred.

In the *Curran* case, *supra,* the Supreme Court held that notice by the city was a condition precedent to liability of the defendants, saying:

"Before there was an obligation to fence the tracks of appellants it must have been shown by competent evidence that appellants were notified by the city some time during the life of the ordinances and before April 15, 1915, when and where the fences were to be constructed along the tracks."

It further said of the evidence introduced in that case:

"Giving this evidence the most favorable consideration, it cannot be said that the City Council or any one else directed the Chicago & Western Indiana Railroad to build a fence at the point in question.  *  *  * It follows, therefore, that it was error to admit in evidence these ordinances against the Chicago & Western Indiana Railroad, and it was error not to instruct the jury to find the Chicago & Western Indiana Railroad not guilty under the first and second counts of the declaration."

The record in the instant case shows that the same evidence was admitted or offered in evidence here and for the same purpose as there as against the Western Indiana and its lessee. There was also offered in evidence a document described as plaintiff's exhibit 4, which was proved to have been on file in the department of public works of the City of Chicago. The document is dated April 2, 1890, and is denominated as "General Specifications Relating to Walls, Fences, etc., for Protection to Railroad Right-of-Way. (Under Ordinance Passed by Council March 26, 1890.)" The document as offered was apparently incomplete and therein refers to a permit which is not in evidence. There is no proof that either the permit or the speci-

fications refer to the place where the accident in question happened. This evidence, therefore, does not in our opinion add anything to the weight of the evidence held insufficient by the Supreme Court in the *Curran* case.

The fact that trains were run over the lines of the Western Indiana and its lessee, the Chicago & Erie, at an increased rate of speed after the ordinance passed, that certain posts appeared along the right of way which it was claimed indicated that the fence had been in fact built there, appeared in the *Curran* case, but apparently this evidence was not considered by the Supreme Court as sufficient, with the other evidence offered, to make the ordinances on which the action is based admissible in evidence. We therefore conclude that the decision of the *Curran* case must be considered as conclusive in this case, so far as the Western Indiana and its lessee are concerned, and that under the rule as announced in that case we are compelled to hold that the trial court should have directed a verdict in favor of these defendants.

As to the New York, Chicago & St. Louis Railroad Company, we think the evidence here established notice of the ordinance in question and acceptance of it by the defendant, and we understand the appellee does not contend otherwise. It argues, however, that as a matter of law, it is not liable under the evidence because its neglect to conform to the ordinance was not the proximate cause of the injury to the plaintiff. On this point, also, reliance is placed by this appellant on the decision of the Supreme Court in the *Curran* case, *supra,* holding that the failure of the codefendant in that case, the Pennsylvania Company, to fence its tracks was not the proximate cause of the injury to the plaintiff, and could not be because the injury did not take place on the Pennsylvania tracks. The court there said: "If the absence of a fence along the tracks of a railroad can be the proximate cause of

an injury, it can only be the absence of a fence along the tracks of the road on which the injury occurred, and not the absence of a fence along parallel tracks belonging to other roads. The duty to fence, imposed by law upon the parallel railroad, cannot be made to depend upon the observance or nonobservance of the legal duty resting on the Pennsylvania Lines.''

We are also bound by the rule of law as thus announced by our Supreme Court, and think, by reason thereof, we are compelled to reverse the judgment entered in this cause as a matter of law. We are not disposed upon a review of the record to find any issue of fact different from that found by the jury in the trial court.

For the reasons indicated the judgment is reversed without remanding.

*Reversed.*

BARNES, P. J., and GRIDLEY, J., concur.